## ILLINOIS CENT. R. CO. v. BEHRENS.

(Circuit Court of Appeals, Fifth Circuit. December 8, 1914.)

### No. 2317.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by Joseph Behrens, administrator of John Joseph Behrens, deceased, against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 192 Fed. 581, and 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163.

Gustave Lemle and W. Catesby Jones, both of New Orleans, La., for plaintiff in error.

Armand Romain, of New Orleans, La., for defendant in error.

Before PARDEE, Circuit Judge, and MAXEY, District Judge.

PARDEE, Circuit Judge. This is an action based on the Act of Congress of April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657–8665), known as the "Employers' Liability Act," brought by the defendant in error, as administrator of John Joseph Behrens, against the plaintiff in error, for damages for the death of his intestate, alleged to have been caused by the negligence of the plaintiff in error. There was an answer denying the averments of the petition, and especially denying that at the time of the alleged injury to John Joseph Behrens either he or the engine causing the injury was engaged in interstate commerce.

On the trial the following facts were proved: John Joseph Behrens was killed in a head-on collision between trains of the Illinois Central Railroad

and of the New Orleans Terminal Companies during the night of November 28, 1909, in the city of New Orleans, state of Louisiana. The deceased was at the time of his death in the employ of the Illinois Central Railroad Company as a fireman, and was one of a crew attached to a switch engine that operated exclusively within the city of New Orleans, state of Louisiana. The general employment of said switching crew using said engine was to handle over the company's tracks and other tracks in the said city of New Orleans both intrastate and interstate commerce indiscriminately; that is, they might on one trip handle cars that were brought into the city of New Orleans from without the state of Louisiana, or a mixed train containing cars, either loaded or empty, brought into the city of New Orleans from without the state of Louisiana, and cars loaded with freight moving entirely within the state of Louisiana, and on another trip a train made up of cars, either empty or loaded with freight originating wholly within the state of Louisiana and moving to a point within said state.

At the time of the collision which resulted in Behrens' death, the train on which Behrens was working consisted of the said switch engine and 13 cars loaded with sugar that originated in the state of Louisiana and were destined to another point within the state of Louisiana, namely, Chalmette, La. At Chalmette said switching engine and crew were to take up other cars, either loaded or empty, belonging to various railroad companies, and take them to Harrahan, La., and there turn them over to the yardmaster, who was to deliver them to various railroad systems to be transported to points within and without the state.

The case shows that, after the evidence had been concluded, the defendant below, in the presence of the jury, and before the jury had retired to consider its verdict, moved the court to peremptorily instruct the jury to find for the defendant, for the reason that the said train upon which said John Joseph Behrens was injured was purely an intrastate train, and therefore neither the said John Joseph Behrens nor the defendant company were engaged in interstate commerce at the time of the alleged injury, and that the plaintiff suing in his capacity as administrator had no right to recover. The court refused to grant the request to so specially charge, and exceptions were duly reserved; and, further, thereafter the court instructed the jury, over the objections and exceptions of the plaintiff in error as follows:

"This suit is brought under the act of April 22, 1908, known as the 'Employers' Liability Act.' It provides that every railroad while engaged in interstate commerce shall be liable in damages to any persons suffering injury while employed by such carrier in such commerce, and in case of death to his personal representative for the benefit of the employé's parents. I have omitted, of course, a large portion of the act not material to this case. The testimony is undisputed that at the time the accident occurred the deceased was employed as a member of the crew of an Illinois Central switching train, or transfer train, composed of the engine and 13 loaded cars, all of which originated in the state of Louisiana and were destined to another point in the state of Louisiana. It is also shown that the general employment of this switching crew was to handle both intrastate and interstate commerce; that they might on one trip handle cars that were from without the state, or cars mixed, being both interstate and intrastate, and on another trip a train made up of freight originating and ending wholly within the state, as was the case when the accident occurred. On that state of facts I find as a matter of law, and so charge you, that the deceased was entitled to the benefit of the federal act, and the only thing you have to determine is the question of negligence on the part of the employer, the defendant railroad company."

From an adverse verdict and judgment, the plaintiff in error brings the case to this court for review, assigning as error the refusal of the court to give peremptory instruction in favor of the defendant, and the charge actually given.

After argument and submission, this court, desiring instruction of the Supreme Court of the United States for the proper decision of the propositions of law involved, stated the facts proved in the case, and certified to the Supreme Court the following question, to wit: "At the time of the injury re-

sulting in the death of John Joseph Behrens, was he employed in interstate commerce within the meaning of the Employers' Liability Act approved April 22, 1908?"

This question, so certified, has been answered by the Supreme Court in the negative. See Illinois Central R. Co. v. Behrens, 233 U. S. 473–475, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163. It follows that the assignments of error as noted were well taken, and the case should be accordingly reversed.

The judgment of the Circuit Court is reversed, and the cause is remanded, with instructions to set aside the verdict and judgment heretofore rendered, and thereafter proceed in accordance with the views expressed in Illinois Central Railroad Co. v. Behrens, supra.